IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07cr66-MHT-1 |
| | ) | (WO) |
| BOBBY STOKES, JR. | ) | |

OPINION AND ORDER

This court now has under submission defendant Bobby Stokes, Jr.'s motion for early termination of supervised release. He states that the court promised to "reevaluate" his continuance on supervise release after two years. Motion for Early Termination (doc. no. 114) at 1.

By all accounts, Stokes has done well during the first two years of supervised release. The court is pleased to learn that he has maintained a job, avoided drugs, and will soon be married. *See id.; see also* Response by Government (doc. no. 116) at 3 ("There is no dispute that defendant has fully complied with the terms

of his release and is in the process of making his transition back into society."); Response by Probation (doc. no. 117) at 1 ("The defendant has maintained full time employment as a cook at Jackson Hospital. He has passed all drug screens administered.").

As a plurality of the United States Supreme Court has recently explained, supervised release was "introduced to ... encourage rehabilitation after the completion of [a] prison term." *United States v. Haymond*, 139 S. Ct. 2369, 2382 (2019) (plurality opinion) (emphasis removed); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life."). For that reason, the court will reduce the period of supervised release from 10 years, *see* Amended Judgment (doc no. 76) at 3, to five years, as the government suggests in the alternative, *see* Response by Government (doc. no. 116) at 3.

The court believes that the continuation of supervised release will help, not hinder, Stokes's progress to provide a living for himself and his family. Importantly, the court has been assured that he can fulfill his goal of obtaining a commercial driver's license and taking trips out of the district while on supervised release. Also, the court would be willing to consider a future motion to terminate or further reduce supervision if Stokes continues to do well for at least two more years, consistent with the recommendation of probation. *See* Response by Probation (doc. no. 117) at 2.

In conclusion, the court believes that the reduction the court authorizes today will not only reward Stokes for his good behavior so far, but will encourage his continued good behavior.

***

Accordingly, it is ORDERED that defendant Bobby Stokes, Jr.'s motion for early termination of supervised

release is granted to the extent that defendant Stokes's period of supervised release is reduced from 10 years to five years, but otherwise denied.

DONE, this the 13th day of February, 2020.

                                            /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**